SCHUMACHER and another *v.* SCHWENCKE, Jr., and another.

(*Circuit Court, S. D. New York.* 1887.)

1. COPYRIGHT—PAINTING—PRINTS.
    Although the law recognizes a distinction between a painting and a print, a copyright for the former will protect its owner in the sale of copies thereof, even though they may appropriately be called prints, and a party who copies such copies will be guilty of infringement.
2. SAME—PUBLICATION OF COPIES—ABANDONMENT OF COPYRIGHT.
    The owner of a copyrighted painting by publishing lithographic copies thereof does not lose the right to restrain others from copying these copies.

In Equity.

In November, 1885, this cause was before the court upon a motion for a preliminary injunction. 25 Fed. Rep. 466. It is now presented on final hearing, the facts being substantially the same as before. The

defendants do not reargue the questions heretofore passed upon, but rest their defense upon propositions of law not before brought to the attention of the court.

*Augustus T. Gurlitz*, for complainants.

*Louis C. Raegener*, for defendants.

COXE, J. The facts out of which this controversy arose are stated sufficiently in the opinion sustaining the motion for a preliminary injunction. There is but one additional piece of evidence to which it is necessary to advert. It now appears that the defendants did not copy directly from the painting, but from lithographic copies thereof put in circulation by the complainants. The original painting, which is the subject of the copyright, the defendants never saw. The defendants now contend—*First*, that the law recognizes a distinction between a painting and print, and a copyright for a painting cannot be infringed by a lithographic print therof which is itself the subject of a copyright; and, *second*, that the complainants, having published a large number of lithographic copies of the painting, have lost the right to restrain others from copying these copies.

Although the precise question here involved does not seem to have been the subject of judicial decision, it is thought that, unless the intent and purpose of the statute are to be rendered nugatory, but one answer is possible. The complainants have a valid copyright for their painting. This, for the purposes of argument, is conceded. What benefit is thus secured? Manifestly. under the plain language of the law, "the sole liberty * * * of copying * * * and vending the same." What the complainants and the defendants have done is to make and sell exact lithographic copies of this painting. In size, design and coloring they are precisely like the original, so that a few feet distant it is almost impossible to detect any difference between the three. The complainants' copies have the notice required by law printed thereon. It would be a strained construction to hold that the statute only protected the sale of copies made in precisely the same manner as the original. It will hardly do to say that a water color is not infringed by an oil, or a crayon, or a lithographic, fac-simile. The statute is not so technical. Its design is to give substantial, and not merely a fanciful protection. If the contention of the defendants is well founded, the complainants gained nothing by their copyright. The moment they sought to avail themselves of the advantages of the statute by the sale of copies, that moment they lost the only right which was of value. It was abandoned to the public. Thus construed, the law becomes a mere abstraction, affording, in cases like this, no protection whatever. It by no means follows from the fact that the law recognizes a distinction between a painting and a print that a copyright for the former will not protect its owner in the sale of copies thereof, even though they may appropriately be called prints. It is clear that the defendants are wrong-doers. They have invaded the complainants' territory. They have copied the painting. It is immaterial how this was accomplished, whether directly or indirectly. They have

copied a lithograph which was protected by the complainants' copyright, and have thus attempted unlawfully, and without due recompense, to reap the fruits of the complainants' genius and enterprise.

The complainants are entitled to a decree for an injunction, with costs.